IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| AMOS PARKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.  2:13-cv-909-MEF |
| | ) | (WO – Do Not Publish) |
| QUALITY SERVICE INTEGRITY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AND FINAL DEFAULT JUDGMENT

Before the Court is Plaintiff Amos Parks's ("Parks") Motion for Default Judgment (Docs. ##10, 11).  On January 22, 2014, Parks applied to the Clerk for entry of default against Defendant Quality Service Integrity ("QSI") for failure to plead, answer, or otherwise defend pursuant to *Federal Rule of Civil Procedure* 55(a).  Parks brings claims of race discrimination and retaliation in violation of Title VII against QSI.[1]  The Court set a hearing on Parks's motion for default judgment and to determine damages in the event that a default judgment was warranted.  As a result of the hearing, the Court finds that Parks's Motion for Default Judgment is due to be granted and a judgment entered against QSI in favor of Parks for compensatory damages and attorneys' fees.

Parks has met the first requirement of Rule 55, which is to obtain a Clerk's entry of default.  Fed. R. Civ. Proc. 55(a).  The Clerk entered a default on January 30, 2014, after QSI

---

[1] At the hearing held on March 5, 2014, Parks moved to dismiss Counts III and IV of his complaint and the motions were granted by the Court.

1

failed to answer.  (Doc. #9.)  Parks was not required to serve notice to QSI of the default judgment hearing conducted on March 5, 2014 because QSI never "appeared" in the case by serving an answer or other motion. Fed. R. Civ. Proc. 55(b)(2).  The Clerk's entry of default causes all well-pleaded allegations of facts to be deemed admitted.  *See Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).  The Court must accept these facts as true and determine whether they state a claim upon which relief may be granted.  *See Anheuser-Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003).  Before entering a default judgment for damages courts must ensure that the well-pleaded allegations of the complaint . . . actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought.  *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) (per curiam).

The Court has reviewed the allegations in the complaint, the record as a whole, and the testimony given at the March 5, 2014 hearing.  The Court is satisfied that the allegations in the complaint state causes of action for race discrimination and retaliation under Title VII. The Court also heard testimony from Parks on his damages and reviewed records of attorneys' fees.  Accordingly, it is hereby ORDERED as follows:

1.      Parks's Motion for Default Judgment (Docs. ##10, 11) is GRANTED.

2.      Default judgment is hereby ENTERED against QSI.

3.      Judgment is ENTERED against QSI and in favor of Parks in the amount of $50,000.  This amount consists of $23,920 of back pay, $920 in lost future earnings, and $25,160 for pain and suffering.

4.      Judgment is ENTERED against QSI and in favor of Parks in the amount of $10,612.50 for attorneys' fees.  This amount consists of 15.5 hours at an hourly rate of $325 for attorney Greg Davis, and 22.3 hours at an hourly rate of $250 for attorney Kathryn Thompkins.[2]

5.      It is further ORDERED that QSI is liable to Parks for $407.45 in costs which are hereby TAXED against QSI.

The Clerk of the Court is DIRECTED to enter this document on the civil docket as a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure and close this file.

DONE this the 10th day of March, 2014.

_____/s/   Mark E. Fuller_____
UNITED STATES DISTRICT JUDGE

---

[2] The Court added 4 hours for Greg Davis and 6 hours for Kathryn Thompkins to the hours listed in Doc. #11-1 to account for time spent in preparation for the March 5, 2014 hearing.

3