IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| AMOS PARKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:13-CV-909-WKW |
| | ) | [WO] |
| QUALITY SERVICE | ) | |
| INTEGRITY, a legal entity, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Motion to Set Aside Default Judgment and Stay Execution. (Doc. # 16.) Defendant contends that the default judgment is void for insufficient service of process and, therefore, must be set aside pursuant to Federal Rule of Civil Procedure 60(b)(4). Plaintiff responded in opposition (Doc. # 23) to which Defendant replied (Doc. # 24). For the reasons that follow, the motion is due to be granted.

## I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 60(b)(4) allows a court to "relieve a party or its legal representative from a final judgment, order, or proceeding . . . [because] the judgment is void." Fed. R. Civ. P. 60(b)(4). Generally, the defendant bears the burden of demonstrating that the judgment is void under Rule 60(b)(4). *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1298–99 (11th Cir. 2003); *see also*

*Ostane v. Jim Wright Marine Constr., Inc.*, No. 10-60168-CIV, 2010 WL 3385048, at *2 (S.D. Fla. Aug. 24, 2010) ("[T]he burden of proof when a defaulting party attacks a default judgment on insufficiency of process grounds lies with the party raising the challenge.").

"[I]nsufficient service of process under Rule 60(b)(4) implicates personal jurisdiction and due process concerns." *In re Worldwide Web Sys., Inc.*, 328 F.3d at 1299; *see also Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."), *superseded by statute on other grounds*, Fed. R. Civ. P. 4(k).  "Generally, where service of process is insufficient, the court has no power to render judgment and the judgment is void." *In re Worldwide Web Sys., Inc.*, 328 F.3d at 1298–99; *see also Rismed Oncology Sys., Inc. v. Baron*, No. 14-15567, 2015 WL 4385669, at *6 (11th Cir. July 17, 2015) ("[I]nsufficient service of process on a party operates to prohibit a court from entering a default judgment against that party.").

"[W]hen it reviews a motion for relief from judgment under Rule 60(b)(4), a district court has no discretion:  the judgment is either void or it is not.  If the judgment is void, the only relief that may be afforded under Rule 60(b)(4) is to set aside the judgment." *Burke v. Smith*, 252 F.3d 1260, 1267 (11th Cir. 2001) (internal citation omitted).  Rule 60(b)(4) "embodies the principle that in federal

court, a 'defendant is always free to ignore the judicial proceedings, risk a default judgment, and then challenge that judgment on jurisdictional grounds.'"  *Jackson v. FIE Corp.*, 302 F.3d 515, 522 (5th Cir. 2002) (quoting *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 706 (1982)).

Additionally, Federal Rule of Civil Procedure 60(c)(1) provides that Rule 60(b) motions must be filed "within a reasonable time."  Fed. R. Civ. P. 60(c)(1).  For purposes of Rule 60(b)(4), however, because a challenge that a judgment is void is jurisdictional, "the time within which a Rule 60(b)(4) motion may be brought is not constrained by reasonableness."  *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126, 1130 (11th Cir. 1994).  Stated differently, "virtually any time is 'reasonable' for challenges to void judgments under Rule 60(b)(4)."  *Harris v. Corr. Corp. of Am.*, 332 F. App'x 593, 595 (11th Cir. 2009) (citing *Hertz Corp.*, 16 F.3d at 1130–31).

## II.  BACKGROUND

On December 11, 2013, Plaintiff filed this action under Title VII for racial discrimination and retaliation.  Plaintiff attempted service on Defendant by sending the summons and complaint by certified mail, return receipt requested to:

Quality Service Integrity
Attn:  Legal Department
412 Georgia Avenue, Suite 300
Chattanooga, TN  37403.

3

(Doc. # 2.)   On December 20, 2013, the return receipt was signed by Nickie Schoonover.[1]  (Doc. # 4.)  On January 22, 2014, after Defendant failed to appear in this action, Plaintiff filed an application for entry of default, and the Clerk of the Court entered Defendant's default on January 30, 2014.  (Docs. # 8–9.)  Plaintiff then moved for default judgment.  (Docs. # 10, 11.)  After a hearing on the motion, the court entered default judgment in favor of Plaintiff on March 10, 2014.  (Doc. # 14.)  Fifteen months later on June 2, 2015, Defendant filed the pending motion to set aside the default judgment.[2]  (Doc. # 16.)

Defendant maintains that, in December 2013, Ms. Schoonover worked as a "backup receptionist and administrative assistant" for Steller Management Group, Inc. ("Stellar"), which "often does business as Quality Service Integrity."[3] Defendant contends that Ms. Schoonover was not authorized to receive service on its behalf because she was not an "officer, partner, managing agent, general agent,

---

[1] The Clerk of the Court indicated that the signature on the return receipt was illegible (Doc. # 4); however, Plaintiff and Defendant agree that it was signed by Ms. Schoonover.  (Doc. # 17, at 1; Doc. # 23, at 3.)

[2] This case was reassigned to the undersigned on June 4, 2015.  (Doc. # 18.)

[3] Defendant asserts that Quality Service Integrity is a trade name of Stellar and is not a separate legal entity.  Plaintiff responds, however, that the first time he learned that Quality Service Integrity was operating under the "assumed name" Stellar was when Defendant filed the motion to set aside the default judgment, and that, in any event, under Tennessee law, "suits filed in the assumed name ha[ve] a capacity to sue or to be sued."  (Doc. # 23, at 14; Doc. # 23-2, Ex. A (Pl.'s Aff.).)  It is unnecessary to resolve this issue because, as explained in this opinion, service of process was improper on other grounds.  Hence, even if it is assumed that Quality Service Integrity is a separate legal entity amenable to service of process, Defendant's Rule 60(b)(4) motion nonetheless is due to be granted.

4

or any other agent of [Defendant] authorized to accept service of process on [Defendant's] behalf." (Doc. # 17, at 2; Doc. # 17-1 (Steve Wirtz's Aff. ¶¶ 6–7).) Moreover, Defendant contends that no person authorized to receive service on Defendant's behalf received service of the summons and complaint or actual notice of this lawsuit prior to the entry of the default judgment. (Wirtz's Aff. ¶ 9.) Defendant requests, therefore, that the judgment be set aside as void pursuant to Rule 60(b)(4) due to lack of proper service. Plaintiff opposes the motion and contends that Defendant has not shown that service was improper.

## III.  DISCUSSION

### A.   <u>Motion to Set Aside the Default Judgment</u>

The first issue is whether Plaintiff perfected service on Defendant. The short answer is "No."

Pursuant to Federal Rule of Civil Procedure 4(h)(1), a corporation, partnership, or association must be served

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . .

Fed. R. Civ. P. 4(h)(1).

### 1.    *Rule 4(h)(1)(B)*

The Eleventh Circuit has observed, in an unpublished opinion, that
"[d]elivering" under Rule 4(h)(1)(B) "appears to refer to personal service." *Dyer
v. Wal-Mart Stores, Inc.*, 318 F. App'x 843, 844 (11th Cir. 2009) (holding that
service was improper under Rule 4(h)(1) because the plaintiff "failed personally to
serve any of [the defendant's] officers, managers, or authorized agents"). The
Eighth Circuit has reached the same conclusion in a published opinion. *See Larsen
v. Mayo Med. Ctr.*, 218 F.3d 863, 868 (8th Cir. 2000) (holding that service under
Rule 4(h)(1)(B) was ineffective "because the summons and complaint were mailed
and not personally served on anyone during the limitations period"). The court
finds these authorities to be persuasive, and the parties do not argue to the contrary.

Plaintiff does not contend, and there is no evidence indicating, that he
personally served Defendant with the summons and complaint; therefore, service
was not effectuated under Rule 4(h)(1)(B). Accordingly, the question is whether
Plaintiff perfected service under any method permitted by Rule 4(h)(1)(A).

### 2.    *Rule 4(h)(1)(A)*

Federal Rule of Civil Procedure 4(h)(1)(A) adopts Federal Rule of Civil
Procedure 4(e)(1) as a method for perfecting service on a corporation, partnership,

or association.[4]   Rule 4(e)(1) permits a plaintiff to use any method of service

allowed in the state where the district court is located.   Fed. R. Civ. P. 4(e)(1).

Under Alabama law, a plaintiff may effectuate service by certified mail in

accordance with Alabama Rule of Civil Procedure 4(i)(2)(B)(i).   Rule 4(i)(2)(B)(i)

sets out, among other things, to whom the certified mailing must be addressed:   "In

the case of an entity within the scope of one of the subdivisions of Rule 4(c), the

addressee shall be a *person* described in [Rule 4(c)(6)]."   Fed. R. Civ. P.

4(i)(2)(B)(i) (emphasis added).   A "person," as defined in Rule 4(c)(6), is "an

officer, a partner (other than a limited partner), a managing or general agent, or any

agent authorized by appointment or by law to receive service of process."   Ala. R.

Civ. P. 4(c)(6).   One district judge in the Southern District of Alabama has

explained that Rule 4(i)(2)(B)(i) requires that "the mailing . . . be addressed, not

simply to the artificial entity, but to a human being affiliated with the entity. . . ."

*Johnson v. Champions*, No. 12-0334, 2013 WL 275957, at *2 (S.D. Ala. Jan. 24,

2013) (Steele, C.J.).   The same judge has found in two different cases that service

was not effective where the certified mailing did not include a natural person as the

addressee.   *See U.S. Bank Nat'l Ass'n v. Turquoise Props. Gulf, Inc.*, No. 10-0204,

2010 WL 3155495, at *2 (S.D. Ala. Aug. 5, 2010) (Service was not in compliance

with Rule 4(i)(2) because "[n]one of the certified mailings to an artificial entity on

---

[4] It will be assumed, without deciding, that Defendant, identified only as a "legal entity" in the Complaint, is an entity to which Rule 4(e)(1) applies.   *See also supra* note 3.

which the plaintiff relies includes a human addressee."); *Weckesser v. Sea Tow Corp.*, No. 08-0528, 2010 WL 11044009, at *1 (S.D. Ala. Aug. 24, 2010) ("There is no human addressee on the certified mailing to Sea Tow, so service was not effective under Alabama law.").

Against this legal backdrop, Defendant points out that "the certified mail . . . was addressed to 'Quality Service Integrity Attn: Legal Department[,]' rather than [to] an individual authorized to accept process on Stellar's behalf." (Doc. # 17, at 3.) The failure of Plaintiff to address the certified mailing properly means, according to Defendant, that Plaintiff did not properly serve Defendant in accordance with Alabama Rule of Civil Procedure 4. Plaintiff does not respond to this particular argument, which, as it turns out, is a critical one.

A straightforward application of Rule 4(i)(2) reveals that Defendant's argument is correct. Plaintiff's certified mailing named only "Quality Service Integrity Attn: Legal Department." (Doc. # 2.) It was not addressed to a natural person who was authorized to receive process on behalf of Defendant. As a result, service of process was not proper under Alabama law. *See Johnson*, 2013 WL 275957, at *2.

Plaintiff counters with five arguments as to why service of process should be deemed sufficient. None of the arguments is availing. First, Plaintiff contends that the signature of Ms. Schoonover on the return receipt of the certified mail is

"*prima facie* evidence of valid service." (Doc. # 23, at 10–11.) But the return receipt merely provides proof of delivery of the summons and complaint on Ms. Schoonover. As discussed, Ms. Schoonover is not listed as the addressee on the certified mail, and there is no way to ascertain from the face of the return receipt whether Ms. Schoonover was an authorized agent for service of process within the meaning of Alabama Rule of Civil Procedure 4(c)(6). The Supreme Court of Alabama's decision upon which Plaintiff relies—*Insurance Management & Administration Inc. v. Palomar Insurance Corp.*, 590 So. 2d 209 (Ala. 1991)—is distinguishable because, unlike that case where the individual signed the certified mail's return receipt as an "agent" for the defendant-company, *id.* at 213, Ms. Schoonover did not check the "agent" box on the return receipt. Moreover, Plaintiff's argument relies on a misperception of the *Palomar Insurance* presumption. As the Supreme Court of Alabama has observed, "the *Palomar Insurance* presumption established only that the 'clerk mailed the process and the person signing the certified-mail receipt received the process.' *Palomar Insurance did not establish a presumption as to whether the person signing the receipt was a proper person to receive process . . . .*" *McDermott v. Tabb*, 32 So. 3d 1, 4 (Ala. 2009) (citing *Palomar Ins.*, 590 So. 2d at 213) (emphasis in the original). As in *McDermott*, the court finds that "the certified-mail receipt that has been submitted as evidence in this case does not, in fact, establish that [the defendant] was

9

properly served; rather, it merely establishes that the summons and the complaint were mailed to the [Chattanooga] address and signed for by [Ms. Schoonover]." *Id.* at 4.

Second, and relatedly, Plaintiff contends that Defendant has not demonstrated that Ms. Schoonover "was not authorized to accept service." (Doc. # 23, at 5.) Plaintiff's argument ignores Defendant's affidavit that Ms. Schoonover "was not an officer, partner, managing agent, general agent, or any other agent of [Defendant] authorized to accept service of process on [Defendant's] behalf," and she "has never been an officer, partner, managing agent, general agent, or any other agent of [Defendant] authorized to accept service of process on [Defendant's] behalf." (Wirtz's Aff. ¶ 7; *see also* Wirtz's Aff. ¶ 8 ("No officer, partner, managing agent, general agent, or any other agent of [Defendant] authorized to accept service of process on [Defendant's] behalf was served with a copy of the summons and complaint . . . on December 20, 2013[,] or any other date."); Doc. # 25 (Weber's Aff. ¶ 4 (accord)).) Plaintiff's reliance on Ms. Schoonover's Linkedin profile, dated approximately May 2015, is not probative. Ms. Schoonover's self-described duties in connection with Defendant's business post-date the relevant time frame for service by more than three years, do not speak to Ms. Schoonover's authority within the organization, and provide no insight into whether she was an officer, partner, or an agent authorized to receive service of process on Defendant's behalf.

Third, Plaintiff argues that the pre-suit proceedings before the Equal Employment Opportunity Commission ("EEOC"), Ms. Schoonover's signature on the certified mail's return receipt, and the clerk's office's subsequent mailings of court documents to Quality Service Integrity's "legal department" prove that Defendant had actual notice of this lawsuit in time to avoid default.  The Eleventh Circuit has recognized that "receipt of actual notice is an important factor in considering whether service of process is adequate." *Prewitt Enters., Inc. v. Org. of Petroleum Exporting*, 353 F.3d 916, 925 n.14 (11th Cir. 2003).  Plaintiff cites no authority, though, that equates an employer's notice of an EEOC charge with actual notice of a federal lawsuit that is non-existent.  The lack of citation to authority is not surprising.   Moreover, Defendant has submitted evidence, affirmatively denying actual notice of this lawsuit prior to the entry of the default judgment (Wirtz's Aff. ¶ 9), evidence that Plaintiff's brief fails to mention.  That evidence stands unrebutted.

Moreover, it should be noted that Defendant candidly references a decision, in which another district judge of this court found service of process sufficient in part on grounds of actual notice.  *Alfa Corp. v. Alfagres, S.A.*, 385 F. Supp. 2d 1230, 1239 (M.D. Ala. 2005).  In that case, as here, "the summons and complaint were addressed to the *corporation* itself, rather than to a specified *person*, . . . as required by Ala. R. Civ. P. 4(i)(2)(B)." *Id.*  The court found that service of process

was sufficient because the summons and complaint "reached the appropriate persons within [the defendant-corporation], as evidenced by the fact that [the corporation] filed [a] motion to quash" service. *Id.* This court agrees with Defendant that *Alfa* is distinguishable. In *Alfa*, the defendant-corporation's filing of the motion to quash prior to the entry of default was indisputable evidence that the defendant-corporation had actual notice of the lawsuit. Here, there is no similar evidence in this case demonstrating actual notice on the part of Defendant. Defendant did not make an appearance or file any motions in the case prior to the entry of the default judgment. Moreover, as discussed, Defendant denies that an officer, partner, or authorized agent received the summons and complaint, or that it had actual notice of this lawsuit during its pendency.

Fourth, Plaintiff contends that, even if Ms. Schoonover was not an agent authorized to receive service of process for Defendant, she nonetheless "created the impression that she had apparent authority" to receive service on behalf of her employer by granting the U.S. mail carrier access to Defendant's secured office suite and by signing for the certified mail. (Doc. # 23, at 17 (citing Michael Braun's Aff.).) This argument also falls short. "To establish proper service on a corporation by service on an alleged agent not authorized by appointment of the corporation, a plaintiff must prove that the corporation exercised a high degree of control over the alleged agent." *Kingvision Pay-Per-View, Ltd. v. Ayers*, 886 So.

2d 45, 51 (Ala. 2003) (citation and internal quotation marks omitted).  "Apparent authority is to be determined by the acts of the principal, and not by the acts of the agent."  *Id.* (internal quotation marks and alterations omitted).  Plaintiff's argument incorrectly focuses on the acts of Ms. Schoonover (the purported agent), rather than on the acts of Defendant (the purported principal).    The argument reveals nothing about the degree of control Defendant exercised over Ms. Schoonover.

Fifth, Plaintiff contends that the Rule 60(b)(4) motion is untimely based upon the intervening fifteen months between the entry of the final judgment and Defendant's filing of the motion to set it aside.  Plaintiff cites Rule 60(c)(1), which provides that "[a] motion under Rule 60(b) must be made within a reasonable time."  Fed. R. Civ. P. 60(c)(1).  Because a void judgment deprives the court of jurisdiction, the Eleventh Circuit has held, in essence, that time stands still for purposes of applying Rule 60(c)(1) to a Rule 60(b)(4) motion.  *See Harris*, 332 F. App'x at 595 (establishing that "virtually any time is 'reasonable' for challenges to void judgments under Rule 60(b)(4)" (citing *Hertz Corp.*, 16 F.3d at 1130–31).  Plaintiff's argument that Defendant did not move to set aside the default judgment within a reasonable time gains no momentum in the Rule 60(b)(4) context, and the passage of time prior to Defendant's invoking Rule 60(b)(4) does not render Defendant's motion untimely.

In sum, because service of process on Defendant is insufficient under Alabama Rule of Civil Procedure 4, which is incorporated by Federal Rule of Civil Procedure 4, the court lacks personal jurisdiction over Defendant, and the default judgment is void. Accordingly, Defendant's Rule 60(b)(4) motion to set aside the default judgment is due to be granted.

**B.**     **<u>Motion for Stay of Execution of the Default Judgment</u>**

Defendant also has moved for a stay of execution of the judgment pending further proceedings. (Doc. # 17.) Because the default judgment will be set aside, the motion for a stay of execution is due to be denied as moot.

### IV.  CONCLUSION

Accordingly, it is ORDERED as follows:

(1)     Defendant's motion to set aside the default judgment (Doc. # 16) is GRANTED, and the default judgment (Doc. # 14) is VACATED;

(2)     Defendant's motion for a stay of execution of the default judgment (Doc. # 16) is DENIED as moot; and

(3)     Plaintiff is DIRECTED to file on or before **November 19, 2015**, an Amended Complaint that names the appropriate Defendant and, thereafter, to serve Defendant properly under Federal Rule of Civil Procedure 4.

DONE this 9th day of November, 2015.

_____
/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE